*P. W. Hardin, for appellee.*

---

### E. L. Miles *v.* Wm. Johnson.

[Abstract Kentucky Law Reporter, Vol. 7—229.]

**Sureties Entitled to Benefit of Collateral Securities.**

All sureties are entitled to the benefit of collateral securities held by the creditor, and where one of the sureties holds collateral, the other sureties are entitled to participate in it, but one complaining must be able to show that he has been deprived of such a right and prejudiced.

APPEAL FROM NELSON CIRCUIT COURT.

September 10, 1885.

OPINION BY JUDGE LEWIS:

We do not perceive a material difference in the attitude occupied by appellant in this case from that of the appellants in the two cases of *Lancaster's Assignee v. Johnson,* 12 Ky. Opin. 256, and of *S. P. Lancaster v. Johnson,* which were considered together and decided by this court September 20, 1883. The appellants in their case, like the appellant in this, being sureties of Smith and Spalding in the note given to appellee, were equally entitled to the benefit of the collateral security delivered by Smith, the principal, to appellee, and have the same right and ground of defense to the note that this appellant has. It is true this appellant, when signing the note, was informed by Smith that he had placed in the hands of appellee the two notes on Walker as collateral security, and it may be reasonably inferred that, though the two notes did not amount to more than one-third of the note executed to appellee, appellant was induced by this information to become one of the sureties. But clearly that fact did not give appellant any preference over the other sureties, or impose upon appellee any more than ordinary diligence and good faith, which he was already bound to exercise for the benefit of all the sureties alike.

In view of the character of defense made in the action on the two notes by Mrs. Walker and her vendee and of the age and financial condition of the payer of the two notes as shown by this record, we are of the opinion that appellant was not injured but rather benefited by the compromise judgment, whereby the house and lot were subjected to the payment of the two notes. Moreover, so far from bad faith or negligence on the part of appellee being shown, it appears that the compromise judgment was made after consultation with and by the consent and advice of Smith and of the principles in the note to appellee and payee and legal owner of the two notes on Mrs. Walker. There being no evidence of bad faith nor want of ordinary diligence on the part of appellee in the appropriation and use of the collateral security by him, nor even anything showing that appellant was prejudiced or injured by the release of Mrs. Walker from a personal judgment on the two notes, we are forced to the same conclusion arrived at in the other two cases mentioned.

Judgment *affirmed.*

*J. D. Wickliffe, A. P. Humphrey, for appellant.*

*Wm. Johnson, R. J. Browne, E. W. Hines, for appellee.*